Andrew W. Shalaby [SBN 206841]
7525 Leviston Ave
El Cerrito, CA 94530
tel. 510-528-8500, fax 510-528-2412
e-mail: shalabylaw@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL COHN, PATRICIA J. COHN, <br><br> Plaintiff, <br><br> vs. <br><br> CONTRA COSTA HEALTH SERVICES DEPARTMENT; CITY OF ORINDA, Does 1 through 50, <br><br> Defendants. | Case No. C04-1843 BZ <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' SECOND EX PARTE MOTION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> **VERIFIED** <br><br> Date Filed (e-file): August 17, 2005 <br> Dept.: Courtroom G, 15th floor, SF <br> Judge: Hon. Bernard Zimmerman (Magist.) |

## INTRODUCTION

Plaintiffs Russell Cohn and Patricia J. Cohn (hereinafter "Plaintiffs") respectfully move ex parte to change the date of September 7, 2005 presently set for hearing the Motion of Summary Judgment of defendants CONTRA COSTA HEALTH SERVICES DEPARTMENT and the CITY OF ORINDA (hereinafter "Defendants"), to a new date on or after Monday, September 26, 2005, for a second time, on the new grounds presented as follows:

1.  In the course of preparing the opposition to Defendants' MSJ, Plaintiffs' counsel learned on August 17, 2005 from one Norm Hantzche, from Questa Engineering, that

Case 3:04-cv-01843-BZ   Document 68   Filed 08/17/2005   Page 2 of 4

Defendants have in fact [inadvertently] misrepresented the truth as to a core material issue upon which the motion for summary judgment is to a large extent premised, an issue of whether Defendants have arbitrarily and capriciously enforced the challenged regulation. Mr. Hantzche says he has evidence contrary to the core evidence presented as an "undisputed fact" by the defendants. Shortly after returning from a two-week vacation (on or about August 15, 2005), Mr. Hantzche sent an e-mail to Plaintiffs' counsel on August 17, 2005 stating the evidence in part as follows:

> Andy,
>
> I have at least one other example. In the Franklin Canyon Moratoriun area, the County allowed a septic system replacement to be constructed for the Asbury Graphite facility in order to make room for widening of Highway 4. This was in 2001. There was no 1,000 foot setback issue. The system was an alternative, engineered design that acutally ended up putting the replacement system closer to the creek than the original. It was not a repair of a failing system. The County (along with Caltrans) was a party to the highway project, so it was obviously in their interest to work something out without having to relocate Asbury or run a 1.5 mile sewer line to Hercules. I was the County's expert in the eminent domain case with Tosco, on whose property the replacement leachfield was located. Tosco argued the moratorium issue, but the County claimed they had the ability to do it because Asbury was already there - no sewage would be generated. I think it's a good example...
>
> Other expamples would be the all of the sewage disposal investigations for remodels that probably have been done in El Toyonal over the years that could be researched. Any approvals for remodels within the 1,000 ft setback in El Toyonal and other watershed areas since 2000 would also be examples of exceptions to the Regulations about Class II systems...

2.    Fed. Rules Civ.Proc., rule 11 mandates Plaintiffs' counsel's reasonable inquiry into the facts before asserting them in opposition, while this Court also has a standing order exposing a party to sanctions for disputing a material fact where the fact cannot reasonably be disputed. To meet this obligation, Plaintiffs' counsel will obtain the specific details from

Case 3:04-cv-01843-BZ   Document 68   Filed 08/17/2005   Page 3 of 4

Mr. Hantzche and submit the information on a declaration in opposition to the MSJ if the defendants do not voluntarily withdraw their motion and either re-submit it without the untrue material facts, or refrain from submitting it containing the untrue information. Of course first Mr. Hantche's detailed information must be presented to the defendants, and they must conclude for themselves whether or not their "undisputed material facts" are correct or incorrect as presently drafted. If it is clear that Defendants' undisputed material facts are incorrect, then the defendants have an obligation under Fed. Rules Civ.Proc., rule 11 to excise the untrue allegations from their motions and either withdraw their motions or file them anew with accurate information.

## I. EX PARTE MOTION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IS AUTHORIZED BY LOCAL RULES 7-10, 7-11, AND 56-1

Civil Local Rule 7-10 generally authorizes this Ex Parte Motion of Plaintiffs to continue the present September 7, 2005 hearing date for Defendants' pending motion for summary judgment. Local Rule 7-11 more specifically authorizes the ex parte motion for the administrative relief requested herein. Civil Local Rule 56-1 also provides in relevant part:

> "[t]he Court may, *sua sponte* or pursuant to a motion under Civil L.R. 7-7, reschedule the hearing so as to give a moving party Time to file affidavits"

Plaintiffs respectfully move to reschedule the present September 7, 2005 hearing date set for Defendants' motion for summary judgment to a date after Monday, September 26, 2005, on the grounds set forth above.

---

**MPA - PLAINTIFFS' EX PARTE MOTION TO CONTINUE HEARING DATE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**              Case No. C04-1843 BZ

-3-

Case 3:04-cv-01843-BZ   Document 68   Filed 08/17/2005   Page 4 of 4

Plaintiffs respectfully request at least a two-week extension of time to obtain and review the new evidence and prepare Mr. Hantzche's declaration and/or negotiate a stipulation for corrections of the facts with regard to Defendants' pending MSJ.

**DECLARATION OF ANDREW SHALABY**

I, Andrew W. Shalaby, declare as follows:

1. I am the attorney for the above-captioned Plaintiffs.

2. All of the above-stated facts are true and correct.

3. On August 17, 2005 I asked the defendants to stipulate to continuing their Motion for Summary Judgment for the reasons set forth above and to give them an opportunity to either correct the material defect of material facts they erroneously presented as "undisputed," or to permit me with sufficient time to obtain the detailed information I am required to inquire into under Fed. Rules Civ.Proc., rule 11 and prepare and submit a declaration from Mr. Hantzche in response to the apparently untrue material facts presented by the defendants. The defendants have not committed to a response as of yet.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and within my personal knowledge.

Executed August 17, 2005 in El Cerrito, CA    Andrew W. Shalaby

**DENIED**

*Plaintiff may submit Mr. Hantzche's declaration in opposition to the motion. There is no need to "correct the facts."*

Bernard Zimmerman
United States Magistrate Judge
August 17, 2005

MPA - PLAINTIFFS' EX PARTE MOTION TO CONTINUE HEARING DATE ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT                                    Case No. C04-1843 BZ
-4-