UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL COHN, PATRICIA J. COHN, <br><br>   Plaintiffs, <br><br>   v. <br><br>CONTRA COSTA HEALTH SERVICES DEPARTMENT; CITY OF ORINDA, Does 1 through 50, <br><br>   Defendants. | No. C04-1843 BZ <br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE PARTIAL SUMMARY JUDGMENT** |

Before me is defendants' motion for summary judgment or in the alternative partial summary judgment.[1] Defendants' motion is granted in part and denied in part as follows.

Plaintiffs own a vacant lot in Orinda identified as Assessor's Parcel Number 265-070-007 (the "Property"). In 1968, the Board of Supervisors of Contra Costa County (the "Board") enacted an ordinance prohibiting the installation of a septic tank on properties located within 1000 feet of a reservoir or tributary stream.  See Request of Deft. for

---

[1] All parties consented to my jurisdiction pursuant to 28 U.S.C. § 636(c).

1

Judicial Notice in Supp. of Mot. for Summ. Judgment, Ex. A (the "Ordinance"). On July 31, 1970, Contra Costa County Health Officer Glen W. Kent, M.D. declared a moratorium on septic tank installations prohibiting further applications for Individual Sewage Investigations in the El Toyonal area. See id., Ex. B (the "Moratorium"); See also Decl. of Kenneth C. Stuart ("Stuart Decl.") in Supp. of Mot. for Summ. J. or in the Alternative Partial Summ. J. ¶ 11. The Property is located less than one thousand feet from a tributary stream covered by the Ordinance when measured in a straight line without considering the topography of the land, and lies within the El Toyonal Moratorium area. According to the complaint, on December 17, 2002, plaintiffs applied to Contra Costa County for approval to build a single family residence and to install a septic system on the Property. On February 11, 2003, Contra Costa County allegedly denied the application, and on March 13, 2003, the City of Orinda denied plaintiffs' appeal.[2] On May 10, 2004, plaintiffs initiated this action asserting both facial and as-applied takings claims, an equal protection claim, and an inverse condemnation claim.

On September 7, 2004, I dismissed with leave to amend plaintiffs' as-applied takings and inverse condemnation claims as unripe, and plaintiffs' equal protection claim for failure to state a claim upon which relief may be granted pursuant to

---

[2] Although plaintiffs have presented no evidence to support that they applied for and were denied approval to install a septic system on the Property, defendants do not appear to contest these facts.

2

1  Federal Rule of Civil Procedure 12(b)(6).  See <u>Cohn v. Contra
2  Costa County Health Svcs. Dept., et al.</u>, No. C04-1843 BZ, 2004
3  WL 2005779, at *2-3 (N.D. Cal. September 7, 2004).  I also
4  found plaintiffs' facial takings claim ripe to the extent that
5  the complaint alleged that the Ordinance did not substantially
6  advance a legitimate state interest.  See <u>id.</u> at *2.

7      On October 8, 2004, plaintiffs filed an amended complaint
8  alleging that the Ordinance and Moratorium constituted a
9  taking in so far as they did not substantially advance a
10 legitimate state interest.  Amend. Compl. ¶ 12.  Plaintiffs
11 also asserted that the provision requiring measurements from
12 the proposed building site to the tributary be taken in a
13 "straight line" without any consideration for the topography
14 and water path (the "Straight Line Method") is arbitrary and
15 capricious and fails to rationally advance the state's
16 interests in violation of their substantive due process
17 rights.  <u>Id.</u> at ¶ 13.  They further alleged that defendants'
18 approval of applications for septic systems for other
19 similarly situated property owners violated their equal
20 protection rights.  <u>Id.</u> at ¶ 19.

21     I previously dismissed plaintiffs' as-applied takings
22 claim as unripe because plaintiffs had failed to allege that
23 they had received a "final decision" or that they had sought
24 "just compensation through the procedures the state has
25 provided for doing so."  See <u>Cohn</u>, 2004 WL 2005779, at *2
26 (citing <u>Williamson County Regional Planning Commission v.
27 Hamilton Bank</u>, 473 U.S. 172 (1985); <u>Carson Harbor Village,
28 Ltd. v. City of Carson</u>, 353 F.3d 824, 826-27 (9th Cir. 2004);

3

1  Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686 (9th
2  Cir. 1993)).  Plaintiffs have put forward no evidence, nor do
3  they now contend, that they sought just compensation from the
4  state or received a final decision.  Based on the evidence
5  presented, I find their as-applied takings claim unripe.
6  Defendants' motion for summary judgment on this claim is
7  **GRANTED**.

8  I previously denied defendants' motion to dismiss
9  plaintiffs' facial takings claims on the grounds that
10 plaintiffs had sufficiently alleged that the Ordinance failed
11 to substantially advance a legitimate state interest.  Since
12 the issuance of that order, the Supreme Court has held that
13 the "'substantially advances' formula" is no longer a valid
14 takings test, and indeed "has no proper place in our takings
15 jurisprudence."  Lingle v. Chevron, __ U.S. __, 125 S. Ct.
16 2074, 2087 (2005); see also Manufactured Home Communities,
17 Inc. v. City of San Jose, __ F.3d __, 2005 WL 2008430, at *11
18 (9th Cir. August 23, 2005).  As plaintiffs' facial takings
19 challenge appears to rely solely on the "substantially
20 advances" formula, it is foreclosed as a matter of law, and
21 defendants' motion for summary judgment on this claim is
22 **GRANTED**.[3]

---

[3] Plaintiffs have presented no evidence to support, nor do they contend that the Ordinance or Moratorium have denied them all economically beneficial use of the property.  See Lingle, 125 S. Ct. at 2082, 2086.  In any event, such a claim would likely be unripe.  See Hotel & Motel Ass'n of Oakland v. City of Oakland, 344 F.3d 959, 965 (9th Cir. 2003) ("Under our precedents, a facial takings claim alleging the denial of the economically viable use of one's property is unripe until the owner has sought, and been denied, just compensation by the state.") (quoting San Remo Hotel v. city and County of San

4

To the extent that plaintiffs are asserting that either the Ordinance or Moratorium violates their substantive due process rights, under existing Ninth Circuit law, this claim is subsumed by their takings claims.  See Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 949 (9th Cir. 2004); Madison v. Graham, 316 F.3d 867, 871 (9th Cir. 2002); Weinberg v. Whatcom County, 241 F.3d 746, 749 n.1 (9th Cir. 2001) (citing Armendariz v. Penman, 75 F.3d 1311, 1325-26 (9th Cir. 1996) (en banc)); Macri v. Kings County, 126 F.3d 1125, 1129 (9th Cir. 1997) (citations omitted).  In any event, the Ordinance and Moratorium are rationally related to a legitimate state interest; namely, protecting public health and safety by preventing sewage from leaking into the San Pablo Reservoir.  See Decl. of Jerry Ongerth, Ph.D. in Supp. of Mot. for Summ. J. or in the Alternative Partial Summ. J. ¶¶ 5-9; Stuart Decl. ¶¶ 10, 13-15.  Plaintiffs have conceded that defendants' interest in preserving a clean water supply is a legitimate state interest.  See Amend. Compl. ¶ 10.  Nor do they dispute the need for a 1000 foot separation from a stream.  Based on the record in this case, I am not persuaded that measuring that 1000 feet in a straight line is so arbitrary as to render the Ordinance unconstitutional. Questions about whether certain technology should be excepted from the Ordinance are best left to the local regulatory authorities.  See Keystone Bituminous Coal Ass'n v. DeBenedictis, 480 U.S. 470, 487 n.16 (1987); Zahn v. Bd. of

---

Francisco, 145 F.3d 1095, 1101 (9th Cir. 1998)).

1  Public Works, 274 U.S. 325, 328 (1927).  Again, plaintiffs
2  have not established that the defendants' failure to grant a
3  variance for plaintiffs' proposed technology was so arbitrary
4  as to be unconstitutional.  Defendants' motion for summary
5  judgment on plaintiffs' substantive due process claim is
6  therefore **GRANTED**.

7  Finally, plaintiffs assert that the Ordinance and
8  Moratorium violate their equal protection rights.[4]  To succeed
9  on an equal protection claim where, as here, a government's
10 action does not involve a suspect classification or implicate
11 a fundamental right, plaintiffs must demonstrate that they
12 have been "intentionally treated differently from others
13 similarly situated and that there is no rational basis for the
14 difference in treatment."  Village of Willowbrook v. Olech,
15 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v.
16 Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).

17 Plaintiffs have provided two examples of defendants'
18 alleged disparate treatment.  First, plaintiffs argue that in
19 a letter dated July 3, 1995, addressed to John Barron, the
20 prior owner of the Property, Daniel M. Guerra, the Deputy
21 Director of Contra Costa Health Services Department, stated
22 that defendants would allow Mr. Barron to install a septic

---

[4] Defendants have not moved for summary judgment on the grounds that the equal protection claim is unripe.  See Del Monte Dunes Ltd. v. City of Monterey, 920 F.2d 1496, 1507 (9th Cir. 1990) ("In evaluating the ripeness of . . . equal protection claims arising out of the application of land use regulations, we employ the same final decision requirement that applies to takings claims.") (citations omitted).

6

system on the Property.[5]  See Decl. of Norman N. Hantzsche in Supp. of Pl.'s Opp. to Def.'s Mot. for Summ. J. ("Hantzsche Decl.") ¶ 19, Ex. H.  Defendants claim that Mr. Barron is not similarly situated to plaintiffs in that he owned the Property prior to the enactment of the Ordinance in 1968 and the adoption of the Moratorium in 1970.  However, nowhere do defendants explain how that fact would have altered the application of the Ordinance and Moratorium to the installation of a septic system on the Property in 1995, the date of Mr. Guerra's letter.

Second, plaintiffs claim that defendants allowed a commercial property owner to construct a septic system within a moratorium area similar to the one at issue.  See Hantzsche Decl. ¶ 20.  While defendants argue that the system was allowed because it replaced a septic system servicing an existing commercial facility, they have provided no evidence to support this claim.  In any event plaintiffs dispute this contending that the system was a newly constructed septic system on a newly created parcel of land, and not a repair of an existing facility.

There has been no showing of how many applications similar to plaintiffs have been made to defendants, so I

---

[5] Following defendants' reply, plaintiffs submitted a request for judicial notice in which they request that I take judicial notice of a letter dated November 24, 1997, addressed to Mr. Barron and signed by Kenneth C. Stuart, Director of Environmental Health for Contra Costa Health Services.  The letter does not appear to contain facts that are generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  See Fed. R. of Evid. 201(b).  Plaintiffs' request is therefore denied.

1 | cannot determine whether granting these two exceptions is the
2 | norm.  But it appears that defendants' contention that no
3 | other property owners have been given approval to install
4 | individual septic systems for new structures is in dispute.
5 | Viewing the evidence in a light most favorable to plaintiffs,
6 | see <u>Flores v. Morgan Hill Unified Sch. Dist.</u>, 324 F.3d 1130,
7 | 1135 (9th Cir. 2003), I cannot find that no reasonable jury
8 | could conclude that defendants intentionally treated
9 | plaintiffs differently than other similarly situated property
10 | owners.  See <u>Village of Willowbrook</u>, 528 U.S. at 564; <u>Squaw
11 | Valley Development Co.</u>, 375 F.3d at 944.  Defendants' motion
12 | for summary judgment on plaintiffs' equal protection claim is
13 | therefore **DENIED**.
14 | Dated:   September 8, 2005
15 | _____
16 | Bernard Zimmerman
United States Magistrate Judge
17 |
18 |
19 | G:\BZALL\-BZCASES\COHN\MSJ.ORD3.wpd