UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL COHN, PATRICIA J. COHN, <br><br> Plaintiffs, <br><br> v. <br><br> CONTRA COSTA HEALTH SERVICES DEPARTMENT; CITY OF ORINDA, Does 1 through 50, <br><br> Defendants. | No. C04-1843 BZ <br><br> **ORDER DENYING MOTIONS TO AMEND COMPLAINT, REOPEN DISCOVERY AND CONTINUE TRIAL** |

Plaintiffs' Motions are **DENIED** for the reasons stated during the hearing and including but not limited to the following:

1. The only issue remaining to be tried is whether the defendants violated plaintiffs' equal protection rights by treating them differently than others in the application and enforcement of the moratorium and set back ordinance. The factual premises for plaintiffs' motions, such as their assertion that they have not yet taken an administrative appeal to which they have a right, have little, if anything, to do with the issue remaining for trial.

1

    2.  Regardless of whether plaintiffs learned about their purported right to appeal to the Contra Costa County Board of Supervisors in April 2003 (the Roodhouse letter), or on June 1, 2005 (the Stewart Deposition) or on October 27, 2005 (the meet and confer session with counsel) the fact remains that as of this date, it does not appear from the record that plaintiffs have sought to take such an appeal[1] or have sought appropriate mandamus relief from the California courts to determine if they are entitled to such an appeal and it was wrongfully denied by the Board.  Significantly, neither defendant is claiming that plaintiffs' claim is unripe or that plaintiffs have failed to exhaust their administrative remedies.

    3.  Plaintiffs' counsel's claim that his failure to take further discovery is excusable neglect is without merit.  The trial and discovery cut-off in this matter have each been continued at least once.  Each pretrial scheduling order had a discovery cutoff.  Plaintiffs have been on notice since at least my Order Granting in Part Defendants' Motion to Dismiss with Leave to Amend dated September 7, 2004, that they would have the burden of proving that plaintiffs have been treated differently than other similarly situated property owners. (Order 6:24 - 7:2).  No good cause has been presented for the

---

[1] While plaintiffs' counsel asserted during the hearing that his clients have initiated a further administrative proceeding, there is nothing in the record about this proceeding and counsel did not have a copy of the document that initiated the proceeding so the court could determine its nature.  Defendants' counsel contended it was not such an appeal.

claimed failure to take discovery.  Plaintiffs' purported reliance on statements made by defense counsel as obviating the need for discovery does not constitute excusable neglect.  The discovery plaintiffs propose to take now appears overly broad, could be burdensome and does not seem narrowly focused on the issues which plaintiffs must prove.

    Plaintiffs' motions are addressed to the discretion of the court.  This case is on the eve of trial.  The trial has already been continued once.  The case will be approximately 20 months old when it is tried.[2]

Dated:  December 7, 2005

                                /s/ Bernard Zimmerman
                                  Bernard Zimmerman
                          United States Magistrate Judge

---

[2] In light of this ruling, plaintiffs' ex parte request for a conference on the motion to file an amended complaint is **DENIED**.  Defendants' requests for judicial notice filed in connection with plaintiffs' Motions are **GRANTED**.

3