UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL COHN, PATRICIA J. COHN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CONTRA COSTA HEALTH SERVICES DEPARTMENT; CITY OF ORINDA, Does 1 through 50,<br><br>　　　　Defendants. | No. C04-1843 BZ<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

　　This is an action brought by plaintiffs Russell and Patricia Cohn against Contra Costa Health Services Department ("Health Services") and the City of Orinda ("Orinda") relating to a vacant lot in Orinda identified as Assessor's Parcel Number 265-070-007 (the "subject property" or "plaintiffs' property").  In orders dated September 7, 2004 and September 8, 2005, I granted in part defendants' motion to dismiss and defendants' motion for summary judgment, respectively.  The only claim for trial was an equal protection claim under the Fourteenth Amendment:  whether defendants intentionally treated plaintiffs differently than other similarly situated

1

1  property owners in denying them a permit and in denying them
2  an appeal hearing before the Contra Costa County Board of
3  Supervisors or the Orinda City Council.
4      Following a court trial held on January 9 through January
5  11, 2006, and after considering and weighing the parties'
6  undisputed facts and all the evidence and parties' arguments,
7  and having assessed the credibility of the witnesses, the
8  court enters the following findings of fact and conclusions of
9  law as required by Fed. R. Civ. P. 52(a):

**FINDINGS OF FACT**

1.   Plaintiffs own a 2.2 acre unimproved parcel of property located within the El Toyonal area of the City of Orinda.  Plaintiffs purchased the property in 2001.  Plaintiff Russell Cohn has been a real estate broker for at least 16 years.

2.   At all relevant times, defendant Orinda contracted with defendant Health Services to serve as Orinda's authorized agent for the provision of environmental health services, including the administration and enforcement of all public health laws and ordinances in Orinda.  Under this arrangement, the Contra Costa Health Officer also serves as the Orinda Health Officer and Health Services serves as Orinda's authorized agent in receiving, reviewing and acting upon applications to install individual septic systems in Orinda.

3.   In 1970, the then Health Officer for Contra Costa and Orinda, Glenn W. Kent, M.D., imposed a septic tank Moratorium on the El Toyonal area (the "Moratorium").  It remains in effect.  The Moratorium prohibits "further

applications for Individual Sewage Investigations." Since an investigation is the first step in processing an application for a septic permit, the Moratorium effectively bars further applications for septic permits in the El Toyonal area.

4. Around the time of Orinda's incorporation in 1985, it adopted ordinances which are nearly identical to the ordinances adopted by Contra Costa County concerning sewage and septic system matters.

5. Orinda has duly adopted Municipal Code 8.32.210 (hereinafter the "Setback Ordinance") which provides that if a property is located within the drainage area of a drinking water reservoir, individual septic systems may not be installed within 1,000 feet of the reservoir or tributary stream to the reservoir.

6. Plaintiffs' property is located within the drainage area of the San Pablo Reservoir, a drinking water reservoir. The property is also located within 1,000 feet of a tributary to the reservoir.

7. On December 17, 2002, plaintiffs requested that Health Services grant them a variance under the Setback Ordinance for the installation of an individual septic system.

8. On February 7, 2003, Health Services determined that plaintiffs' proposed installation of an individual septic system violated the Setback Ordinance because the property is within 1,000 feet of a tributary to the San Pablo Reservoir and denied plaintiffs' variance application.

1    9.   Plaintiffs appealed the denial of their variance application to the Director of Environmental Health for Health Services.  In a letter dated March 13, 2003, Ken Stuart, acting in his capacity as Health Officer Designee, denied plaintiffs' appeal on the following grounds:

    (a)   Plaintiffs' property is located within the El Toyonal Septic Tank Moratorium Area; and

    (b)   Plaintiffs' property is less than 1,000 feet from a tributary to the San Pablo Reservoir, and accordingly, Health Services is not authorized under the Setback Ordinance to grant a variance allowing for an individual septic system installation.

10.  Plaintiffs then sought to appeal Mr. Stuart's decision to the Orinda City Council.  In a letter dated April 3, 2003, the Orinda City Attorney informed plaintiffs' former counsel that Orinda had delegated all such decisions to the County Health Officer.  Therefore, Mr. Stuart's decision denying plaintiffs' appeal was Orinda's final decision.

11.  Plaintiffs never sought a Writ of Mandate either to compel the granting of a variance or to compel a hearing before the City Council.

12.  Since the imposition of the Moratorium in 1970, Health Services has not granted any variance under the Setback Ordinance to any property owner requesting approval to install a new individual septic system in the El Toyonal area.

13.  A search of Contra Costa County records for properties located in the El Toyonal area disclosed that the only two variances granted after the Moratorium went into effect were to repair or replace existing septic systems.

4

1  Plaintiffs do not claim they had an existing septic system
2  when they sought their variance.
3       14.  In 1960, before the enactment of the Moratorium and
4  the Setback Ordinance, plaintiffs' predecessor in interest,
5  John Barron, applied to install individual septic systems on
6  several adjoining properties that he owned in the El Toyonal
7  area, including the property which he sold to plaintiff.  On
8  June 15, 1960, following an investigation of Mr. Barron's
9  proposal, the then Health Officer advised Mr. Barron that he
10 would allow the installation of an individual sewage disposal
11 system on the property.  Mr. Barron did not pursue a permit
12 application at that time.
13      15.  In or about 1992, Mr. Barron requested Health
14 Services confirm that he still had approval to install
15 individual septic systems on his El Toyonal properties, given
16 the Moratorium.  Health Services denied his request.
17      16.  Mr. Barron sought to appeal that decision but never
18 received an appeal hearing from either Orinda or the Contra
19 Costa County Board of Supervisors.  On May 22, 2004,
20 Mr. Barron sought a Writ of Mandate in Contra Costa Superior
21 Court.
22      17.  After the Writ of Mandate was filed, Health
23 Services reversed its position.  Health Services concluded
24 that because Mr. Barron had initiated the application process
25 in 1960 and it then had conducted its initial investigation,
26 Mr. Barron's application was not subject to the Moratorium
27 which banned new site investigations.  Once again, Mr. Barron
28 did not pursue a permit application.

5

1    18.   In 2001, Health Services allowed Asbury Graphite, an industrial facility located in another moratorium area, to install a new septic system.  As part of a project to widen Highway 4, the County had condemned that portion of Asbury Graphite's property which contained its septic system.  Asbury Graphite then filed a takings suit.  In connection with this litigation, Health Services determined to allow Asbury Graphite to relocate its septic system to avoid shutting down the facility.

19.   Other examples of permits granted by defendants, which plaintiffs proffered, involved properties not subject to the Moratorium or replacement or repair of existing septic systems.

20.   At all relevant times, Health Services differentiated between applications to repair or replace existing facilities and applications for new septic systems for a number of reasons.  Foremost, refusal to allow repair or replacement of an existing facility would either require that the property owner vacate an existing residence or plant or create a serious environmental hazard from improper disposal of waste.

21.   The Attards were also denied a variance from the Setback Ordinance and appealed to the Contra Costa County Board of Supervisors, but their property at 1000 Fish Ranch Road is outside of the Moratorium area and outside of the Orinda city limits.

///

22.  Plaintiffs presented no evidence that any similarly situated property owners were granted appeals to the Contra Costa County Board of Supervisors or the Orinda City Council.

## CONCLUSIONS OF LAW

1.  The court has jurisdiction under 28 U.S.C. § 1331. The matter arises under the Fourteenth Amendment.

2.  For plaintiffs to prevail, they must show that they have been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir. 2004).  Plaintiffs bear the burden of establishing that defendants intentionally treated plaintiffs differently from other similarly situated property owners in denying their request for a variance to install an individual septic system and in denying them an appeal hearing before the Contra Costa County Board of Supervisors or the Orinda City Council.

3.  Plaintiffs have failed to show that defendants have intentionally treated plaintiffs differently from other similarly situated property owners in denying plaintiffs' request for installation of an individual septic system on their property and denying their application for a variance under the Setback Ordinance.

4.  Plaintiffs have failed to show that defendants' denial of their request for installation of an individual septic system on their property and their application for a

///


variance under the Setback Ordinance was arbitrary and irrational.

    5.  Defendants had a rational basis for treating plaintiffs differently from property owners seeking to repair or replace existing septic systems.  It was not irrational or arbitrary for Health Services to have wanted to avoid evicting owners from existing properties and to avoid possible environmental contamination from improperly treated waste if existing facilities were not repaired or replaced.  It was not irrational or arbitrary for Health Services to have concluded that because Mr. Barron had begun the application process in 1960 and the suitability of the property for a septic system was investigated in 1960, the renewal of his request in 1992 was not subject to the Moratorium.  The Asbury Graphite permit was granted as part of the resolution of a takings lawsuit.  It was not irrational or arbitrary for Health Services to have wanted to avoid the risk of having to pay in the takings suit, the additional costs associated with shutting down Asbury Graphite, by granting it a permit to install a replacement septic system.  Plaintiffs' counsel recognized this by stating prior to the conclusion of the trial that he felt that plaintiffs had introduced insufficient evidence to sustain their burden of proving an equal protection violation arising out of the denial of a septic tank permit.[1]

---

[1] At trial plaintiffs were granted leave to amend their pleadings to conform to proof.  They later withdrew their promissory estoppel or detrimental reliance claim.  As for their claim they were denied due process when their appeal of the Health Services decision was heard by the Health Officer

8

6. No Orinda ordinance existing in 2003 required the Orinda City Council or the Contra Costa Board of Supervisors to hear an appeal from the Health Officer's denial of a variance application. Plaintiffs introduced no evidence that any similarly situated property owner was granted an appeal to the Orinda City Council or the Contra Costa County Board of Supervisors.

7. Plaintiffs have failed to satisfy their burden of showing that defendants intentionally treated them differently from other similarly situated property owners by denying them an appeal before the Orinda City Council or the Contra Costa County Board of Supervisors.

8. Plaintiffs have failed to establish that defendants violated plaintiffs' equal protection rights. Judgment will be for defendants Health Services and Orinda and against plaintiffs Russell and Patricia Cohn.

DATED: February 6, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\COHN\FINDINGS FACT CONCLUSIONS LAW.5.wpd

---

Designee and not by the Orinda City Council or the County Board of Supervisors, plaintiffs have cited no authority that they have a constitutional right to an appeal before the Orinda City Council or the Contra Costa County Board of Supervisors. See e.g. David v. City of Los Angeles, 307 F.3d 1143, 1147 (9th Cir. 2002), rev'd on other grounds, 538 U.S. 715 (2003), remanded to 335 F.3d 857 (9th Cir. 2003)(due process not violated if hearing officer is employed by agency where decision is being reviewed). See also Jordan v. City of Lake Oswego, 734 F.2d 1374, 1376 (9th Cir. 1984) ("There is no constitutional requirement that the decision-maker be an uninvolved person when a property interest protected by due process is at stake.")