UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL COHN, PATRICIA J. COHN, <br><br> Plaintiffs, <br><br> v. <br><br> CONTRA COSTA HEALTH SERVICES DEPARTMENT; CITY OF ORINDA, Does 1 through 50, <br><br> Defendants. | No. C04-1843 BZ <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO AMEND JUDGMENT AND FOR NEW TRIAL** |

This matter came on for court trial on January 9, 2006. After considering and weighing all the evidence and assessing the credibility of the witnesses, I issued Findings of Fact and Conclusions of Law on February 7, 2006 ("Findings and Conclusions"). Plaintiffs timely filed a motion to amend the judgment and for a new trial. After reviewing the parties' papers, I find it unnecessary to conduct a hearing on plaintiffs' motion. For the reasons stated below, plaintiffs' motion is **DENIED**, and the hearing scheduled for April 5, 2006 is **VACATED**.

Plaintiffs are moving for an amendment of the court's

1

findings and/or a new trial pursuant to Federal Rules of Civil Procedure 52 and 59.  Rule 52 provides in part:

> On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly.  The motion may accompany a motion for a new trial under Rule 59.  When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.

Fed. R. Civ. P. 52(b).  "Recognized grounds for Rule 52 motions include: (1) the trial court made a manifest mistake of fact or law, (2) there is newly discovered evidence, and (3) there has been a change in the law."  Lewis v. Musicians Union, AFM Local 6, 1993 WL 356903 at *2 (N.D. Cal. 1993)(citations omitted).  A party may not use Rule 52 to "relitigate issues or advance new legal theories," and a court should not "rehear the merits of the case."  Id.  See also Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986)("[A] motion to amend should [not] be employed to introduce evidence that was available at trial but was not proffered, to relitigate old issues, to advance new theories, or to secure a rehearing on the merits.").

Rule 59 provides in part:

> A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States.  On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of

2

1       law or make new findings and conclusions, and direct the entry of a new judgment.

2

3 Fed. R. Civ. P. 59(a).  "There are three grounds for granting

4 new trials in court-tried actions under Rule 59(a)(2): (1)

5 manifest error of law; (2) manifest error of fact; and (3)

6 newly discovered evidence."  Brown v. Wright, 588 F.2d 708,

7 710 (9th Cir. 1978).  "[A] judgment [in a nonjury case] should

8 not be set aside except for substantial reasons."  Lewis, 1993

9 WL 356903 at *2.

10     Plaintiffs have failed to satisfy their burden under

11 Rules 52 and 59.  They argue that the court should amend its

12 findings to reflect that they withdrew their equal protection

13 claim arising out of the denial of a septic tank permit to

14 them and added new claims in their post-trial memo in support

15 of their amended claims.  Plaintiffs request findings that

16 certain issues were unripe or moot or never raised because the

17 court's Findings and Conclusions would be prejudicial to them

18 when they "re-file them in a new action where they could

19 conduct discovery and adjudicate those claims."  Motion 2:9-

20 11.  Plaintiffs request time to explore evidence that "came

21 quite late in the day."  Id. at 2:5.  "Rule 52 is not a

22 substitute for appeal, nor is it an equitable response to the

23 request for 'just one more time, please.'"  Lewis, 1993 WL

24 356903 at *2.  Plaintiffs do not offer any support for the

25 proposition that the court should make findings not necessary

26 to resolve all issues presented by the pleadings but to

27 preclude res judicata or collateral estoppel effect in the

28 future.  The court held a full trial and heard all of the

3

evidence, and it issued the Findings and Conclusions after weighing "the parties' undisputed facts and all the evidence and parties' arguments, and [assessing] the credibility of the witnesses" because there was support for its findings. Findings and Conclusions 2:5-9.

Although plaintiffs may have a different view as to the inferences to be drawn from this evidence, the court found evidence such as the circumstances surrounding permits granted to the former owner of plaintiffs' property, Asbury Graphite and others "involved properties not subject to the Moratorium or replacement or repair of existing septic systems" and that there was a rational basis for any difference in treatment in denying plaintiffs a permit.  Findings and Conclusions, Findings ¶ 19.  Drawing different inferences from the evidence and testimony at trial than plaintiffs would have preferred does not rise to the level of a manifest error of fact.

Additionally, plaintiffs request a finding that because plaintiffs did not receive an appeal from the Contra Costa County Board of Supervisors, there was no meaningful review of plaintiffs' denied application, and plaintiffs' due process rights were violated.  These are not new arguments.  The court considered these arguments made at the trial and in the post-trial memo in support of plaintiffs' amended claims and found that "[n]o Orinda ordinance existing in 2003 required the Orinda City Council or the Contra Costa Board of Supervisors to hear an appeal from the Health Officer's denial of a variance application" and that "[p]laintiffs presented no evidence that any similarly situated property owner was

1  granted appeals to the Orinda City Council or the Contra Costa
2  County Board of Supervisors." Findings and Conclusions,
3  Conclusions ¶ 6.  See Backlund v. Barnhart, 778 F.2d 1386,
4  1388 (9th Cir. 1985)(affirming denial of Rule 59(e) motion
5  because "it presented no arguments that had not already been
6  raised in opposition to summary judgment").  Plaintiffs
7  concede that they are not asserting that they have a
8  constitutional right to an appeal to the Orinda City Council
9  or the Contra Costa County Board of Supervisors.  Motion
10 11:19-21.  Since there is no violation of plaintiffs' rights
11 protected by the Constitution, plaintiffs' due process
12 arguments fail.
13     Plaintiffs' request that the court vacate its order dated
14 September 8, 2005, granting defendants' motion for summary
15 judgment on plaintiffs' Fifth Amendment claims because the
16 facts presented to the court in relation to that motion were
17 erroneous is **DENIED**.  Motion 2:15-20.  Plaintiffs have not
18 made any showing that requires any of the court's rulings as
19 to plaintiffs' as-applied or facial takings claims and their
20 substantive due process claim to be vacated.
21     Finally, plaintiffs request a new trial primarily based
22 on actions allegedly taken by Contra Costa Health Services
23 after the trial, with regard to plaintiffs' application
24 submitted on January 25, 2006.  The issue litigated at trial
25 was plaintiffs' equal protection claims with respect to their
26 2002 application.  Actions taken regarding plaintiffs'
27 November 2005 application and January 2006 application were
28 not litigated and are not grounds for a new trial in this

case.

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiffs' motion to amend judgment and for a new trial pursuant to Rules 52 and 59 is **DENIED,** and the hearing scheduled for April 5, 2006 is **VACATED**.

**IT IS FURTHER ORDERED** that plaintiffs' requests for judicial notice are **DENIED**. As to Exhibits 1, 2, 3 and 4, which postdate the trial, the requests are **DENIED.** At most, the court would take judicial notice that the letters were sent on the dates stated. This information is not relevant to any of the issues presented at trial or by the pending motions. To the extent that plaintiffs are asking the court to take judicial notice of the truth of the matters stated in those letters, the request is **DENIED** because those matters are not generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Exhibits 5 and 6 were trial exhibits and/or the subject of prior requests for judicial notice. As with the other 4 exhibits, the truth of their contents is not susceptible to judicial notice.

Dated: March 29, 2006

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\COHN\AMENDNEWTRIAL.DENY.ORD.wpd